UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SPRINGFIELD DIVISION

| | |
|---|---|
| CONNIE TUCKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| RSL LIFE INSURANCE | ) |
| COMPANY | ) |
| | ) |
| and | ) |
| | ) |
| MOVIE GALLERY/HOLLYWOOD WELFARE | ) |
| BENEFIT PLAN, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

1. The Plaintiff, Connie Tucker, by and through the undersigned counsel, Talia Ravis and Sean McGivern, files this Complaint against Defendants Reliance Standard Life Insurance Company (hereinafter "RSL") and Movie Gallery/Hollywood Welfare Benefit Plan (hereinafter "the Movie Gallery Benefit Plan").

2. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001. The Court has jurisdiction over this case pursuant to 28 U.S.C. §1331, in that this action arises under the laws of the United States. Specifically, Connie Tucker brings this action to enforce her rights under ERISA as authorized by 29 U.S.C. §1132(a)(1)(B).

3. The Plaintiff, Connie Tucker, has at all times material hereto, been a citizen of Squires, Missouri.

4. RSL is a Pennsylvania corporation doing business in Douglas County, Missouri. Therefore, pursuant to 29 U.S.C. §1132(e)(2), venue is proper in this judicial district.

5. RSL issued the Movie Gallery Benefit Plan, group policy number LTD 115678 for the benefit of its employees, agreeing to pay Ms. Tucker, as a Movie Gallery employee and participant of the Movie Gallery Benefit Plan, long-term disability ("LTD") benefits in the event she became disabled and unable to work.

6. The Movie Gallery Benefit Plan is a long-term disability employee benefit plan that provides LTD benefits to participants of the Movie Gallery Benefit Plan in the event they become disabled on a long-term basis. The LTD "Core" benefit pays 40% of the employee's former salary. The LTD Plan contains a "Buy-Up" component which, when elected, pays 66 2/3% of the employee's former salary.

## II. FACTUAL ALLEGATIONS

**A. Background**

7. Plaintiff incorporates by reference each and every preceding paragraph as though they were fully stated herein.

8. Plaintiff began employment with Movie Gallery, U.S., LLC in August of 2000.

9. Movie Gallery purchased the subject Benefit Plan from RSL, and the Plan went into effect as of January 1, 2007. The Plan is insured by RSL and administered by RSL via its subsidiary, Matrix Absence Management.

**B. Changes in Monthly Benefit and Proof of Health under the plan**

10. Policy Number LTD 115678 encompasses both the "Core" and "Buy-Up" components of the Plan.

11. Under Changes in Monthly Benefit, regarding Proof of Health, the Plan states the following:

> *"If an increase in, or initial application for, the monthly benefit is due to a life event change (such as marriage, birth or specific changes in employment status), proof of health will not be required provided the Insured applies within the 31 days of such life event.* [LTD Plan pg. 1.1]

**C. Claim Information Under the Plan**

12. In July of 2008, during her employer's open enrollment period, Plaintiff applied for "Buy-Up" coverage under the Plan, in order to increase her monthly benefit percentage from 40% to 66 2/3%. Defendant RSL received and processed the application, and issued Plaintiff coverage under the Buy-Up provision.

13. In April of 2009, Plaintiff became disabled and applied for LTD benefit under the Plan.

14. RSL approved Plaintiff's claim for LTD benefits and began paying her a monthly benefit of 66 2/3% of her former salary.

15. RSL paid benefits at the 66 2/3% rate for more than four years.

16. In a letter dated November 20, 2013, Defendant RSL abruptly reduced Plaintiff's benefit amount to the 40% "Core" benefit.

17. In the letter, Defendant RSL explained that it unilaterally reduced Plaintiff's benefits based on its allegation that despite having received, processed, and approved her application for Buy-Up coverage more than five years prior (in July of 2008), and having paid benefits pursuant to the "Buy-Up" coverage for more than four years, the coverage never became effective because Defendant RSL had no record of Plaintiff applying for "Buy-Up" coverage within thirty-one days after she first became eligible for coverage,

3

Case 6:15-cv-03351-DGK   Document 1   Filed 08/04/15   Page 3 of 7

and that Defendant had no record of Plaintiff providing Proof of Good Health Upon enrollment.

18. RSL's benefit reduction from 66 2/3% to 40% of Plaintiff's former salary results in a net difference of more than a $500 per month reduction in Plaintiff's benefits.

19. Defendant RSL never requested nor required Plaintiff to provide Proof of Good Health, at any time.

20. Neither RSL, nor the Plan ever informed Plaintiff that she was making a "late application" for coverage, nor that "Proof of Good Health" was required when she applied for the Buy-Up coverage more than five years ago.

21. In a letter dated May19, 2014, Plaintiff appealed the reduction of her benefits with the assistance of undersigned counsel.

22. In a letter dated June 12, 2014, Defendant RSL denied Plaintiff's appeal for full benefits under the "Buy-Up" provision of the Plan, rendering her claim ripe for suit.

## III. CLAIMS FOR RELIEF

**COUNT 1: WRONGFUL REDUCTION OF LONG-TERM DISABILITY BENEFITS**

23. The foregoing paragraphs are hereby re-alleged, and are incorporated herein by reference.

24. Defendants have wrongfully reduced Plaintiff's long-term disability benefits in violation of the LTD Plan and ERISA.

25. Defendants have breached the LTD Plan and violated ERISA by reducing disability benefits to Plaintiff at a time when the Plan knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the "Buy-Up" provision of the LTD Plan.

26. Plaintiff is informed and believes and thereon alleges that Defendants wrongfully reduced her long-term disability benefits under the LTD Plan by other acts or omissions of which

Plaintiff is presently unaware, but which may be discovered in this future litigation and which Plaintiff will immediately make Defendants aware of once said acts or omissions are discovered by Plaintiff.

27. Following the reduction of benefits under the LTD Plan, Plaintiff fulfilled all administrative remedies required under ERISA, and/or as demonstrated by Defendants' actions herein, attempts to pursue further administrative remedies would have been futile. Plaintiff has performed all duties and obligations on Plaintiff's part to be performed under the LTD Plan.

28. As a proximate result of the aforementioned wrongful conduct of the Plan, Plaintiff has incurred damages for loss of long-term disability benefits in a total sum to be shown at the time of trial.

29. The wrongful conduct of RSL and the LTD Plan has created uncertainty where none should exist; therefore, Plaintiff is entitled to enforce her rights under the terms of the LTD Plan.

30. Defendant RSL abused its discretion by wrongfully reducing Plaintiff's long-term disability benefits.

31. By reducing Plaintiff's claim for benefits under the "Buy-Up" provision of the LTD Plan, Defendants denied Plaintiff's claim in bad faith.

## COUNT 2 (IN THE ALTERNATIVE): EQUITABLE RELIEF

32. The foregoing paragraphs are hereby re-alleged, and are incorporated herein by reference.

33. Should the Court determine that Plaintiff is not entitled to "Buy-Up" benefits under the LTD Plan, Plaintiff advances a claim against Defendants pursuant to 29 U.S.C. § 1132(a)(3) for appropriate equitable relief.

34. Defendants' fiduciary breaches and/or ERISA violations caused Plaintiff's ineligibility for "Buy-Up" benefits.

35. Defendants are liable to Plaintiff under equitable theories including but not limited to surcharge, estoppel, reformation, and waiver.

WHEREFORE, the Plaintiff, Connie Tucker, requests this Honorable Court enter Judgment:

A. Finding that Connie Tucker is entitled to the full long-term disability benefits according to the "Buy-Up" provision of the Plan and order the Defendants to pay all past due benefits and pay full future monthly benefits as they become due.

B. Alternatively, Finding that Plaintiff is entitled to appropriate equitable relief because Plaintiff's ineligibility for benefits was caused by Defendants' fiduciary breaches and/or ERISA violations.

C. Award the Plaintiff interest on the amount of past due benefits, which remain unpaid.

D. Award the Plaintiff her attorney's fees and costs.

E. Awarding all other relief as may be just and appropriate.

DATED: August 4, 2015

Respectfully Submitted,

/s/Talia Ravis
Talia Ravis
MO Bar #58366
Law Office of Talia Ravis, P.A.
9229 Ward Parkway, Suite 370
Kansas City, Missouri 64114
816-333-8955 (tel)
1-800-694-3106 (fax)
travis@erisakc.com

-and-

Sean McGivern, KS #22932
*Pro Hac Vice forthcoming*
WITHERS, GOUGH, PIKE, PFAFF & PETERSON, LLC

6

O.W. Garvey Building
200 W. Douglas, Suite 1010
Wichita, KS 67202
316.267.1562 (Telephone)
316.303.1018 (Facsimile)
smcgivern@withersgough.com