IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| CONNIE TUCKER, | ) |
| Plaintiff, | ) Case No. 6:15-cv-03351-DGK |
| vs. | ) |
| RELIANCE STANDARD LIFE INSURANCE COMPANY, et al. | ) |
| Defendants. | ) |

## PROTECTIVE ORDER

The parties agree that during the course of discovery it has become necessary to disclose certain confidential information relating to the subject matter of this action. They agree that certain categories of such information should be treated as confidential, protected from disclosure outside this litigation, and used only for purposes of prosecuting or defending this action and any appeals. The parties jointly request entry of this proposed Protective Order to limit the disclosure, dissemination, and use of certain identified categories of confidential information.

The parties assert in support of their request that protection of the identified categories of confidential information is necessary to prevent public disclosure of protected health information, personal data identifiers, trade secrets, and other confidential or private information contained in the Administrative Record. Plaintiff maintains that her personal information (personal identifiers, job and personal health information) is private and not made available to the public. Defendant maintains that its methods and business practices are not made available to the public, are protected from disclosure, and completely proprietary. Thus, the Parties have

interests in maintaining the confidentiality of that information that substantially outweighs the public's right of access to judicial records.

For good cause shown under Fed. R. Civ. P. 26(c), the court grants the parties' joint request and hereby enters the following Protective Order:

**1.     Scope.**  All documents and materials produced in the course of discovery of this case, including initial disclosures, responses to discovery requests, all deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), are subject to this Order concerning Confidential Information as set forth below.

**2.     Definition of Confidential Information.**  As used in this Order, "Confidential Information" is defined as information that the producing party designates in good faith has been previously maintained in a confidential manner and should be protected from disclosure and use outside the litigation because its disclosure and use may be restricted by statute or could potentially cause harm to the interests of disclosing party or nonparties.  For purposes of this Order, the parties will limit their designation of "Confidential Information" to the following categories of information or documents: (a) documents produced by the parties containing the protected health information of any individual; (b) documents produced by the parties containing any other personal information of Plaintiff, third-parties and/or the employees of Defendant or any related entity; (c) documents produced by the parties reflecting trade secrets, methods of business, proprietary information or software, or Plaintiff's or Defendant's confidential financial matters; (d) because the Administrative Record in this case contains information described in (a) (b) and (c) above, the entire Administrative Record and (e) information about the operations and strategies of Defendant or any related entity.  Information or documents that are available to the public may not be designated as Confidential Information.

**3. Form and Timing of Designation.** The producing party may designate documents as containing Confidential Information and therefore subject to protection under this Order by marking or placing the words "CONFIDENTIAL" (hereinafter "the marking") on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. The marking will be applied prior to or at the time of the documents are produced or disclosed or in the event of inadvertent disclosure without such marking, as provided for in paragraph 5, below. Copies that are made of any designated documents must also bear the marking, except that indices, electronic databases, or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked. By marking a designated document as confidential, the designating attorney or party, if appearing *pro se*, thereby certifies that the document contains Confidential Information as defined in this Order.

**4. Inadvertent Failure to Designate.** Inadvertent failure to designate any document or material as containing Confidential Information will not constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Order, so long as a claim of confidentiality is asserted within 7 days after discovery of the inadvertent failure.

**5. Protection of Confidential Material**.

    **a.** **General Protections.** Designated Confidential Information must be used or disclosed solely for purposes of prosecuting or defending this lawsuit, including any appeals.

    **b.** **Who May View Designated Confidential Information.** Except with the prior written consent of the designating party or prior order of the court, designated Confidential Information may only be disclosed to the following persons (unless designated pursuant to section 4 of this Order):

   i.  The parties to this litigation, including any employees, agents, and representatives of the parties;

   ii.  Counsel for the parties and employees and agents of counsel;

   iii.  The Court and court personnel, including any special master appointed by the court, and members of the jury;

   iv.  Court reporters, recorders, and videographers engaged for depositions;

   v.  Any mediator appointed by the court or jointly selected by the parties;

   vi.  Any expert witness, outside consultant, or investigator retained specifically in connection with this litigation, but only after such persons have completed the certification contained in <u>Exhibit A</u>, Acknowledgment and Agreement to be Bound;

   vii.  Any potential, anticipated, or actual fact witness and his or her counsel, but only to the extent such confidential documents or information will assist the witness in recalling, relating, or explaining facts or in testifying, and only after such persons have completed the certification contained in <u>Exhibit A</u>;

   viii.  The author or recipient of the document (not including a person who received the document in the course of the litigation);

   ix.  Independent providers of document reproduction, electronic discovery, or other litigation services retained or employed specifically in connection with this litigation; and

   x.  Other persons only upon consent of the producing party and on such conditions as the parties may agree.

  **c.**  **Control of Documents**. The parties must take reasonable efforts to prevent unauthorized or inadvertent disclosure of documents designated as containing Confidential Information pursuant to the terms of this Order. Counsel for the parties must maintain a record of those persons, including employees of counsel, who have reviewed or been given access to the documents along with the originals of the forms signed by those persons acknowledging their obligations under this Order.

**8.**  **Filing of Confidential Information**. In the event a party seeks to file any document containing Confidential Information subject to protection under this Order with the court, that party must take appropriate action to ensure that the document receives proper

4

protection from public disclosure including: (a) following the Court's procedures for filing documents under seal; (b) filing a redacted document with the consent of the party who designated the document as confidential; or (c) where appropriate (e.g., in relation to discovery and evidentiary motions), submitting the document solely for in camera review.

Nothing in this Order will be construed as a prior directive to allow any document to be filed under seal. The parties understand that the requested documents may be filed under seal only with the permission of the court after proper motion.

9. **Challenges to a Confidential Designation.** The designation of any material or document as Confidential Information is subject to challenge by any party. Before filing any motion or objection to a confidential designation, the parties must comply with Local Rule 37.1. The burden of proving the necessity of a confidentiality designation remains with the party asserting confidentiality. Until the Court rules on the challenge, all parties must continue to treat the materials as Confidential Information under the terms of this Order.

10. **Use of Confidential Documents or Information at Trial or Hearing.** Nothing in this Order will be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present Confidential Information at a hearing or trial must bring that issue to the attention of the court and the other parties without disclosing the Confidential Information. The court may thereafter make such orders as are necessary to govern the use of such documents or information at the hearing or trial.

11. **Obligations on Conclusion of Litigation**.

   a. **Order Remains in Effect.** Unless otherwise agreed or ordered, all provisions of this Order will remain in effect and continue to be binding after conclusion of the litigation.

   b. **Return of Confidential Documents.** Within 60 days after this litigation concludes by settlement, final judgment, or final order,

including all appeals, all documents designated as containing Confidential Information, including copies as defined above, must be returned to the party who previously produced the document unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction of the document to the extent practicable in lieu of return and will certify the fact of destruction; (3) the documents bear the notations, summations, or other mental impressions of the receiving party and that party elects to destroy the documents and certifies to the producing party that it has done so; or (4) the documents contain Plaintiff's personal identifying information or relate to Plaintiff's accounts or credit.

    **c.** **Retention of Work Product.** Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index which refers or relates to designated Confidential Information, so long as that work product does not duplicate verbatim substantial portions of the text or images of designated documents. This work product will continue to be confidential under this Order. An attorney may use his or her own work product in subsequent litigation provided that its use does not disclose Confidential Information.

**12.** **Order Subject to Modification**. This Order is subject to modification by the Court on its own motion or on motion of any party or any other person with standing concerning the subject matter.

**13.** **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing in this Order will be construed or presented as a judicial determination that any document or material designated as Confidential Information by counsel or the parties is entitled to protection under Fed. R. Civ. P. 26(c) or otherwise until such time as the court may rule on a specific document or issue.

**14.** **Persons Bound by Protective Order.** This Order will take effect when entered and is binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

**15. Jurisdiction.** The court's jurisdiction to enforce the provisions of this Order will terminate on the final disposition of this case. But a party may file a motion to seek leave to reopen the case to enforce the provisions of this Order.

**16. Applicability to Parties Later Joined.** If additional persons or entities become parties to this lawsuit, they must not be given access to any Confidential Information until they execute and file with the court their written agreement to be bound by the provisions of this Order.

**17. Protections Extended to Third-Party's Confidential Information.** The parties agree to extend the provisions of this Protective Order to Confidential Information produced in this case by third parties, if timely requested by the third party.

**18. Confidential Information Subpoenaed or Ordered Produced in Other Litigation.** If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than three business days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to

7

protect its Confidential Information in the court from which the subpoena or order issued. The designating party bears the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody, or control Confidential Information by the other party to this case.

**19. Inadvertent Disclosure of Confidential Information Covered by Attorney-Client Privilege or Work Product.** The inadvertent disclosure or production of any information or document that is subject to an objection on the basis of attorney-client privilege or work-product protection, including, but not limited, to information or documents that may be considered Confidential Information under the Protective Order, will not be deemed to waive a party's claim to its privileged or protected nature or estop that party or the privilege holder from designating the information or document as attorney-client privileged or subject to the work product doctrine at a later date. Any party receiving any such information or document must return it upon request to the producing party. Upon receiving such a request as to specific information or documents, the receiving party must return the information or documents to the producing party within 14 days, regardless of whether the receiving party agrees with the claim of privilege and/or work-product protection. Disclosure of the information or document by the other party prior to such later designation will not be deemed a violation of the provisions of this Order.

This Protective Order may be amended or modified only by written stipulation of the Parties or by order of the Court.

**SO ORDERED.**

SIGNED this 10th day of May, 2016.

                                                    /s/ Greg Kays  
                                                  GREG KAYS, CHIEF JUDGE  
                                                  UNITED STATES DISTRICT COURT

# EXHIBIT "A"

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

1. My name is _____. I am over the age of twenty-one (21) and have personal knowledge of the matters set forth herein.

2. I have read the Agreed Protective Order in the action styled *Connie Tucker v. Reliance Standard Life Insurance Company*, Civil Action No. 6:15-cv-03351-DGK; (the "Action"), a copy of which has been provided to me.

3. I have been informed by _____, counsel for _____, that Confidential Information, as defined in the Agreed Protective Order, may be shown to me for purposes of conducting the Action.

4. I promise that I have not and will not divulge, or undertake to divulge to any person or recording device any Confidential Information shown or told to me except as authorized in the Agreed Protective Order. I further represent that I will not use any Confidential Information for any purpose other than the Action, and that at the termination of the Action, I will return all Confidential Information with which I have been provided, and copies thereof, to the counsel from whom I received such Confidential Information.

5. I will abide by the terms of the Agreed Protective Order.

6. For the purpose of enforcing the terms of the Agreed Protective Order, I hereby submit to the jurisdiction of the Court in the Action.

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED this _____ day of _____, 201_.

 By: _____
 Name Printed: _____